Wood, J.
From the inspection of the record in this case, it appears the plaintiff in error was indicted, at the January term of 511] the court of common pleas of Cuyahoga county, for *grand larceny. At the same term he was arraigned, plead not guilty, was tried by a jury, convicted and sentenced to imprisonment in the penitentiary.
The indictment contains two counts, substantially the same, in which it is averred the plaintiff in error, at the township of Brooklyn in said county, on etc., nine five dollar bank bills, given for the payment of money, of the value of five dollars each, respectively, two dollars in silver coin, and of the value of two dollars, of the personal goods and chattels and money, of one William Clarkson, then and there being found, ho the said George Grummond, then and there, well knowing the said bank bills to be such bank bills; feloniously did steal, take and carry away, etc.
The indiccment is framed upon section 19 of the act, entitled an act providing for the punishment of crimes, passed March 7,1882, which among other things, enacts, “ That if any person shall steal, or maliciously and feloniously destroy any bank bill or bills, etc., of the value of thirty-five dollars or upward, knowing them to be such, every such person shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be imprisoned in the Peniten. tiary and kept at hard labor not more than seven, nor less than one year.”
A bill of exceptions was taken by the counsel for the plaintiff in error, during the trial, from which it appears the counsel for the prosecution, to maintain the issue on the part of the state, offered evidence that three of the bills described in the indictment, were <}f the following purport:
*512 '“The treasurer of the Ohio Railroad Company will pay five dollars on demand to A. B. or bearer, at their office in Ohio city.
“ H. Foot, Sec’y. N. Allen, Pres’t.”
This evidence was objected to by the counsel for the plaintiff in error, but admitted by the court, and the jury returned the value of the property stolen fit forty-seven dollars.
The admission of this evidence is assigned for error, and by reason thereof, it is sought to reverse this judgment. Did the court of common pleas err ?
*No person in Ohio can bo held to answer upon trial, for a [512 crime, except it be by the indictment or presentment of a grand jury, and ho has the right by the same organic law, to demand the nature and cause of the accusation against him, Bill of Rights, secs. 10, 11. He has the right to require such accusations to be embodied in a methodical and legal form, with time, place and circumstances, otherwise he will be unable to prepare his defense to resist the charge.
It is a rule, as applicable to criminal, as to civil proceedings, that judgment should be given not only according to allegations made against the accused, but according to the proof made upon the trial, and the single inquiry here is, did the evidence to which the exception was taken, tend to prove the averment in the indictment ?
It appears to us not. To help out the averment that the plaintiff in error stole nine five dollar bank bills, evidence was admitted that three of the supposed bank bills were orders drawn by the Ohio Railroad Company upon their treasurer. These instruments are no more bank bills than the promissory notes of the Cuyahoga Steam Furnace Company, nor can it be presumed that unless the charter of that company confers upon it banking powers, which question is yet to be decided, they have been issued with the de» sign to circulate as bank bills or currency, in opposition to the severe penal laws of this state.
In admitting evidence to prove the plaintiff in error stole the orders of this company, in order to prove he stole bank bills, the court of common pleas, in our opinion, err, and that error prejudiced the rights of the accused, by increasing the value of the property, and, consequently, changed the punishment from fine and imprisonment in the county jail, to imprisonment at hard labor in the penitentiary. The judgment and proceedings of the court *513 of common pleas are reversed up to and including the trial and the case remanded for further proceedings.
Judgment reversed.
No argumonts came to the hands of the reporter.